**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN K. BUNTON; KAREN A. BUNTON, | No. 22-70139 |
| Petitioners-Appellants, | Tax Ct. No. 20438-19L |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted June 26, 2023[**]

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Brian K. Bunton and Karen A. Bunton appeal pro se from the Tax Court's

decision sustaining a proposed levy to collect unpaid 2016 tax liabilities. We have

jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

conclusions of law and for clear error its factual findings. *DJB Holding Corp. v. Comm'r*, 803 F.3d 1014, 1022 (9th Cir. 2015). We affirm.

The Tax Court properly determined that the Buntons were precluded from challenging their underlying liability because they were deemed to have received the notices of deficiency, and they failed to raise the issue of liability at a collection due process ("CDP") hearing. *See* 26 U.S.C. § 6330(c)(2)(B) (stating that taxpayer may challenge underlying tax liability at hearing regarding subsequent levy "if the [taxpayer] did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute [it]"); 26 C.F.R. § 301.6330-1(f)(2) (stating that Tax Court may consider only issues that were properly raised and supported with evidence during CDP hearing). The Tax Court properly deemed the notices received because the proof of certified mailing to the Buntons' last known address gives rise to a presumption that they received the notices. *See Baldwin v. United States*, 921 F.3d 836, 840 (9th Cir. 2019).

**AFFIRMED.**

22-70139